UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20406-Civ-MARTINEZ
MAGISTRATE JUDGE P.A. WHITE

JAMES BERNANRD CAMPBELL,

     Petitioner,

v.

JULIE J. JONES,

     Respondent.
_____/

<u>REPORT RE DISMISSAL</u>
<u>FOR FAILURE TO OBTAIN</u>
<u>AUTHORIZATION PURSUANT TO</u>
<u>28 U.S.C. §2244(b)(3)</u>

## I. <u>Introduction</u>

James Bernard Campbell has filed this unauthorized, second, federal habeas corpus petition, pursuant to 28 U.S.C. §2254, attacking his conviction and sentence entered in case no. **89-38693** in the Eleventh Judicial Circuit for Miami-Dade County.

The case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. No order to show cause has been issued because the petitioner, as filed is subject to dismissal.

The undersigned has reviewed the instant federal habeas petition (DE#1) and the petitioner's prior habeas petition filed with this court, case no. **98-02088-Civ-Graham** which attacked the same conviction under attack here, and which was denied on the merits, together with state court records contained therein.

## II. <u>Background and Procedural History</u>

In a lengthy proceeding, which spanned over a decade, this court addressed Campbell's §2254 petition attacking his conviction

in case number 86-38693. (98-CV-02088-Graham, DE# 1, p. 1).

Campbell was charged by Indictment returned on January 13, 1987, with the offenses of first degree murder, attempted first degree murder, robbery with a deadly weapon, armed burglary of a dwelling, battery on a police officer, and possession of a weapon during the commission of a criminal offense. (98-CV-02088-Graham, DE# 8; Ex. A). After Campbell's pretrial motions to suppress his confessions, out-of-court and in-court identifications, and physical evidence were denied, the case proceeded to trial before a jury. (98-CV-02088-Graham, DE# 8; Ex. B). At trial, police experts testified that Campbell's fingerprints and blood samples matched those found at the scene. Campbell, 571 So.2d at 417. Sue Zann testified as to the events of the day and identified Campbell as her assailant. Id. Campbell was found guilty on all charges except battery on a policeman. (98-CV-02088-Graham, DE# 8; Ex. C). Based upon the jury's recommendation, the trial court imposed the death penalty as to the murder conviction. (98-CV-02088-Graham, DE# 8; Ex. D). Consecutive life terms of imprisonment were imposed as to the other convictions. Id.

Campbell prosecuted a direct appeal from his convictions and sentences, raising the following claims: (1) the trial court erred when it denied his motions to suppress physical evidence, identification and statements; (2) the trial court's instructions on first degree murder, first degree felony murder and attempted murder, as well as additional statements by the trial court, gave the impression that the court believed Campbell was guilty; (3) the trial court improperly permitted the serology expert to testify on knife slippage; (4) the evidence was insufficient to establish first degree murder where the identity of the deceased was not properly established; (5) the death penalty was improperly imposed; (6) the death penalty was unconstitutional; and (7) his trial was

fundamentally unfair due to enumerated errors. See Campbell, 571 So.2d 415. See also 98-CV-02088-Graham, DE# 8; Ex. E, F, G. The Florida Supreme Court affirmed Campbell's convictions and life sentences, but reversed the death sentence and remanded the case to the trial court for resentencing on the first degree murder conviction. Campbell, 571 So. 2d 415. On remand, the death penalty was again imposed only to be subsequently reversed by the Florida Supreme Court due to improper conduct by the prosecutor. See Campbell v. State, 679 So. 2d 720 (Fla. 1996). The case was remanded for resentencing before a new judge and jury. Id. In November 1996, the death sentence was vacated by the trial court and, after a jury trial as to sentencing, Campbell was sentenced to a term of life imprisonment on June 19, 1997.

Campbell thereafter embarked on a lengthy campaign for state collateral relief in the state trial and appellate courts. He challenged his convictions and sentences pursuant to Fla.R.Crim.P. 3.850 and filed state petitions for writ of habeas corpus on the grounds raised in the instant petition. (98-CV-02088-Graham, DE# 8; Ex. M-Q; DE# 150; Supp.Ex. Supp. Ex. A-K). His postconviction challenges were unsuccessful. Id. See also Campbell v. State, 856 So.2d 1005 (Fla. 3d DCA 2003); Campbell v. Singletary, 719 So.2d 296 (Fla. 3d DCA 1998).

In a report entered on December 5, 2012 in 98-CV-02088-Graham, the Undersigned outlined the procedural history of the multiple cases initiated in this court by Campbell under §2254 wherein he challenged state court case 86-38693. (98-CV-02088-Graham, DE# 172:6-9). The undersigned concluded, given that Campbell was improperly prevented from challenging his state court convictions for more than a decade, Campbell's Rule 60(b) motion should be granted so that he may finally receive review on the merits of the claims presented in his §2254 petition. Based upon this finding,

the respondent in case no. 98-02088 was ordered to file a supplemental response to the order to show cause. (98-CV-02088-Graham, DE# 138, 145, 150). The report reviewed the claims challenging state court conviction in case 86-38693 on the merits, and recommended that the petition for writ of habeas corpus be denied. (98-CV-02088-Graham, DE# 172:31).

The District Court issued an order adopting the report. (98-CV-02088-Graham, DE# 180). Campbell filed a notice of appeal. (98-CV-02088-Graham, DE# 188). On October 3, 2013, the Eleventh Circuit dismissed the appeal. (98-CV-02088-Graham, DE# 197). Campbell continued to file notices of appeal, however, the Eleventh Circuit let the District Court's order denying Campbell's §2254 petition on the merits stand. (98-CV-02088-Graham, DE# 218, 230).

Petitioner has now returned to this court with this latest federal habeas petition on **January 22, 2017.**[1] (DE#1). He accurately outlines the procedural history of case 98-02088, and does not address whether is entitled to file a successive §2254 petition. (DE# 1, p. 1-8).

## III. Discussion

Petitioner has filed this latest federal habeas proceeding, again challenging the constitutionality of his conviction and

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

sentence in case number **86-38693** entered in the Eleventh Judicial Circuit for Miami-Dade County.

As narrated above, petitioner filed a prior habeas petition pursuant to the provisions of 28 U.S.C. §2254, challenging the same state court conviction challenged herein. The prior federal habeas petition was ultimately denied on the merits. (98-CV-02088-Graham, DE# 172, 180). Petitioner is again seeking to challenge the same state court judgment of conviction on new or previously raised grounds. Section 28 U.S.C. §2244(b) provides in pertinent part:

(b) (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --

(A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3) (A) *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application*.

(B) A motion in the court of appeals for an

order authorizing the district court to consider a second
or successive application shall be determined by a three-
judge panel of the court of appeals....

(emphasis added).

Thus, in accordance with 28 U.S.C. §2244(b)(3)(A), "[B]efore
a second or successive application permitted by this section is
filed in the district court, the applicant shall move in the
appropriate court of appeals for an order authorizing the district
court to consider the application." See 28 U.S.C. §2244(b)(3)(A);
Felker v. Turpin, 518 U.S. 651 (1996); In re Medina, 109 F.3d 1560
(11ᵗʰ Cir. 1997). "A motion in the court of appeals for an order
authorizing the district court to consider a second or successive
application shall be determined by a three-judge panel of the court
of appeals" and may be granted "only if [the assigned panel of
judges] determines that the application makes a *prima facie* showing
that the application satisfies the requirements of [28 U.S.C.
§2244(b)(2)]." See 28 U.S.C. §2244(b)(3)(B) and (C).

Petitioner has not demonstrated any extraordinary circumstance
that casts doubt on the earlier findings of this Court, which were
not disturbed on appeal, that would justify relieving him from the
effect of the final judgment(s) under Rule 60(b). See United States
v. Flores, 981 F.2d 231, 237 (5th Cir. 1993).

Thus, there is nothing in the record to indicate a need to
correct a clear error or to prevent a grave miscarriage of
justice. See United States v. Beggerly, 524 U.S. 38, 47 (1998);
Booker v. Dugger, 825 F.2d 281, 284 (11th Cir. 1987), cert. denied,
485 U.S. 1015 (1988). For similar reasons, petitioner is also not
entitled to relief pursuant to Rule 60(d)(providing that no
limitations period diminishes "a court's power to: (1) entertain an
independent action to relieve a party from a judgment, order, or

6

proceeding; [or] ... (3) set aside a judgment for fraud on the court."). Relief under Rule 60(d) is reserved for the rare and exceptional case where a failure to act would result in a miscarriage of justice. <u>Jeffus v. Attorney General for State of Fla.</u>, 2011 WL 2669147, *2 (M.D.Fla. 2011), *citing*, <u>Sharpe v. United States</u>, 2010 WL 2572636, *2 (E.D.Pa. 2010)(finding that while the filing was characterized as an independent action under Rule 60(d)(1), it was actually a successive habeas petition that was filed without the approval of the appellate court).

As petitioner is well-aware, to file a second or successive §2254 petition, the petitioner must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." <u>See</u> <u>In re Joshua</u>, 224 F.3d 1281 (11th Cir. 2000)("Federal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion."). Without authorization, this Court lacks jurisdiction to consider a successive petition.

Here, the instant federal petition challenges the legality of the same state court judgment that was the subject of petitioner's §2254 action filed by him in **1998**. See (98-CV-02088-Graham). Furthermore, the **1998** habeas petition qualified as a first §2254 habeas corpus petition for purposes of determining successor status.

Consequently, absent authorization from the Eleventh Circuit to file a successive habeas petition, the district court lacks jurisdiction over this federal petition. <u>See</u> <u>Taylor v. Cain</u>, 533 U.S. 656, 661-62, 121 S.Ct. 2478, 2481-82, 150 L.Ed.2d 1257, 1258 (11th Cir. 2009). In this current federal habeas petition,

petitioner does not allege that he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing this petition. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the instant petition. See 28 U.S.C. §2244(b)(3)(A); Fugate v. Dep't of Corrections, 310 F.3d 1287, 1288 (11th Cir. 2002). Therefore, the petition should be dismissed for lack of jurisdiction.

If the petitioner intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). See Cate v. Ayers, 2001 WL 1729214, *3 (E.D.Cal. 2001)(holding that the law is clear that a dismissal based on the statute of limitations is an adjudication on the merits of the claim). The petitioner will be provided with a form to apply for such authorization with this report.

Since the first petition was denied on the merits, rendering this second petition successive, any attempt by petitioner to obtain review on the merits of his attack on his conviction is for the Eleventh Circuit Court of Appeals to decide. Again, the petitioner must apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A) to do so.

IV. Certificate of Appealability

As amended effective December 1, 2009, §2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must

still be filed, even if the court issues a certificate of appealability. Rules Governing §2254 Proceedings, Rule 11(b), 28 U.S.C. foll. §2254.

After review of the record, Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Here, petitioner cannot satisfy the Slack test. Slack, 529 U.S. at 484.

As now provided by Rules Governing §2254 Proceedings, Rule 11(a), 28 U.S.C. foll. §2254: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## V. <u>Recommendation</u>

It is recommended that this petition for habeas corpus relief be dismissed for lack of jurisdiction for failure of the petitioner to obtain from the Eleventh Circuit Court of Appeals the authorization required by 28 U.S.C. §2244(b)(3) with regard to the challenges to his convictions and sentences; that no certificate of appealability issue; and, that this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this <u>2nd</u> day of February, 2017.


_____
UNITED STATES MAGISTRATE JUDGE


cc:  James Bernard Campbell
     804965
     Santa Rosa Correctional Institution
     Inmate Mail/Parcels
     5850 East Milton Road
     Milton, FL 32583
     PRO SE

     Noticing 2254 SAG Miami-Dade/Monroe
     Email: CrimAppMIA@MyFloridaLegal.com