United States District Court
for the
Southern District of Florida

| James Bernard Campbell, | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-20406-Civ-Scola |
| | ) | |
| Secretary of Florida Department | ) | |
| of Corrections, | ) | |
| Respondent. | | |

**Order Adopting Magistrate Judge's Report And Recommendation**

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. Judge White's Report concludes that this matter should be dismissed as a successive habeas corpus petition, filed without first obtaining authorization from the Eleventh Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b)(3). (Report of Magistrate, ECF No. 7.) The Petitioner James Bernard Campbell filed a motion challenging this Court's jurisdiction (ECF No. 11), which the Court will construe as objections, and separately filed objections (ECF No. 12).

The Court has made a *de novo* review of the record. Campbell filed a 170-page petition seeking review of his conviction and sentence for first degree murder, attempted first degree murder, robbery with a deadly weapon, armed burglary of a dwelling, and possession of a weapon during the commission of a criminal offense. (Pet., ECF No. 1.) Campbell first sought federal review of these same convictions in 1998, pursuant to 28 U.S.C. § 2254.[1] (Pet., Case No. 98-cv-02088-DLG, ECF No. 1.) After lengthy proceedings, the Court denied Campbell's petition on the merits. (Report and Order, Case No. 98-cv-02088-DLG, ECF Nos. 172, 180.)

Now, Campbell raises repetitive and meritless objections. First, Campbell claims that this Court does not have jurisdiction to determine that his second petition is successive. (Mot. at 4, ECF No. 11.) This objection, aside from lacking any legal support, belies Campbell's express invocation of this Court's jurisdiction in the present petition. (Pet. at 1, ECF No. 1.)

Next, Campbell appears to argue that the present petition is not successive because it raises a separate constitutional issue not raised in

---

[1] In fact, Campbell continues to litigate that case, having filed the most recent motion in the 1998 case on April 4, 2017.

Campbell's first petition and because the first petition was not adjudicated on the merits. (*See, e.g.,* Objs. at 5, 7, 16, 21, ECF No. 12.) But Campbell ignores that whether raising new or previously argued claims he cannot file a successive petition until he obtains authorization from the Eleventh Circuit. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The record unequivocally shows that the Court denied Campbell's first petition on the merits and that Campbell failed to seek and failed to obtain the required authorization.

Thus, having considered Judge White's Report, Campbell's Objections, and the relevant legal authorities, as well as having made a *de novo* review of the record, the Court finds Judge White's Report and Recommendation cogent and compelling. The Court **affirms and adopts** Judge White's Report and Recommendation (**ECF No. 7**). The Petition for Writ of Habeas Corpus (**ECF No. 1**) is **dismissed without prejudice**, to be re-filed *if* the Eleventh Circuit Court of Appeals grants Campbell's application for leave to file a successive habeas corpus petition.

Further, the Court **denies** Campbell's motion challenging the Court's subject matter jurisdiction (**ECF No. 11**) and **denies** Campbell's motion for certificate of appealability (**ECF No. 13**). All other pending motions are **denied as moot**. Finally, the Court directs the Clerk to **close** this case.

**Done and ordered**, at Miami, Florida, on April 12, 2017.

_____
Robert N. Scola, Jr.
United States District Judge